IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
Case No. 4:17-cv-00162-D

| | |
|---|---|
| SYLVIA PATTERSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CONSENT PROTECTIVE ORDER |
| | ) |
| EQUIFAX INFORMATION | ) |
| SERVICES, LLC, et al., | ) |
| | ) |
| Defendants. | ) |

This Consent Protective Order is issued to facilitate the exchange of documents and information. Unless modified pursuant to the terms contained in this Order, this Order shall remain in effect through the conclusion of this litigation.

1. Sylvia Patterson ("Plaintiff") filed this lawsuit (the "Litigation") against Defendants Synchrony Bank[1], Equifax Information Services, LLC, Trans Union LLC, and Experian Information Solutions, Inc. (collectively referred to as "Defendants"), alleging that Defendants are liable to Plaintiff for, *inter alia*, damages resulting from alleged violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA"). In connection with the Litigation, Plaintiff has sought discovery or testimony regarding certain of Defendants' confidential and proprietary trade secrets and other business information. Plaintiff and Defendants may be collectively referred to herein as "the Parties" or individually as a "Party." As a means of avoiding continued dispute with respect to any

---

[1] Synchrony Bank has been dismissed from this action. *See* Docket Entry No. 20 (1/22/2018).

Parties' requests for confidential information, the Parties have agreed to produce certain confidential information pursuant to the terms of this Order.

2. Any Party or non-party producing or filing documents or other materials in this action may designate such materials and the information contained therein subject to this Order by typing or stamping on the front of the document, or on the portion(s) of the document for which confidential treatment is designated "Confidential." Documents or portions of a document marked as "Confidential" are to be used only for the litigation of this case; all other uses are prohibited.

3. The Parties shall have the right to designate as "Confidential" any part or the whole of any answers to discovery, answers to interrogatories, answers to requests for admission, deposition transcripts, responses to production requests, documents, expert reports, disclosures, exhibits, trial or deposition testimony or other information that the Parties deem to be confidential. Any document, discovery, testimony, or other information that the Parties have designated as "Confidential" shall constitute confidential information under this Order, both in form and substance.

4. Deposition testimony can be designated by the Parties as "Confidential." Such designation will be made on the record if possible, but the Parties can designate portions of such testimony as "Confidential" by providing written notice of such designation to the opposing Parties within thirty (30) days of receipt of the transcribed testimony by counsel. Until thirty (30) days after receipt of the transcribed testimony, such testimony shall be treated by the Parties as "Confidential."

5. Information designated for confidential treatment provided by any of the Parties shall be used strictly in accordance with the terms in this Order. At no time shall such information be disclosed to or used by any person, corporation, or entity in competition with or against any of the Parties.

6. The Parties, their attorneys, or anyone else acting on their behalf shall take such precautions with "Confidential" information as are necessary to strictly maintain its confidentiality and comply with the terms of this Order.

7. Except with the prior written consent of the individual or entity designating a document or portions of a document as "Confidential," or pursuant to prior Order after notice, any document, transcript or pleading given "Confidential" treatment under this Order, and any information contained in, or derived from any such materials may not be disclosed other than in accordance with this Order and may not be disclosed to any person other than: (a) the Court and its officers; (b) parties to this litigation; (c) counsel for the parties and their staff, whether retained outside counsel or in-house counsel and employees of counsel assigned to assist such counsel in the preparation of this litigation; (d) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation; (e) fact witnesses; (f) present or former employees of the producing Party in connection with their depositions in this action; and (g) experts specifically retained as consultants or expert witnesses in connection with this litigation.

8. Documents produced pursuant to this Order shall not be made available to any person designated in Subparagraph 7(d)-(g) unless such person has first read this

Order, agreed to be bound by its terms, and signed the declaration of compliance attached hereto as Exhibit A.

9. If a party believes in good faith that, despite the provisions of this Protective Order, there is a substantial risk of identifiable harm if particular documents or deposition testimony it designates as "CONFIDENTIAL" are disclosed to all other Parties or non-parties to this action, the producing Party may designate the particular information as "HIGHLY CONFIDENTIAL—ATTORNEY'S EYES ONLY." Information marked "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" receive the same protections as "CONFIDENTIAL" information but is further limited in how it may be used or disseminated. Documents or portions of a document marked as "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" are to be used only for the litigation of this case; all other uses are prohibited

10. Except with the prior written consent of the individual or entity designating a document or portions of a document as "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY," or pursuant to prior Order after notice, any document, transcript or pleading given "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" treatment under this Order, and any information contained in, or derived from any such materials may not be disclosed other than in accordance with this Order and may not be disclosed to any person other than: (a) the Court and its officers; (b) Plaintiff, in the presence of her attorney; (c) counsel for the parties and their staff, whether retained outside counsel or in-house counsel; (d) court reporters; (e) fact witnesses; (f) present or former employees of

the producing Party in connection with their depositions in this action; and (f) experts specifically retained as consultants or expert witnesses in connection with this litigation.

11. Documents produced pursuant to this Order shall not be made available to any person designated in Subparagraph 10(d)-(f) unless such person has first read this Order, agreed to be bound by its terms, and signed the declaration of compliance attached hereto as Exhibit A.

12. Before filing any information that has been designated "Confidential" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" with the Court, or any pleadings, motions or other papers that disclose any such information, counsel shall confer with counsel for the party that produced the information so designated about how it should be filed. If the party that produced the information so designated desires that the materials be filed under seal, then the filing party shall file the materials in accordance with Local Civil Rules, with notice served upon the producing Party. The filing of the materials under seal shall not be binding on the Court, however. Within 10 days of service of such notice, the party desiring that the materials be maintained under seal shall file with the Court a Motion to Seal and supporting memorandum of law specifying the interests which would be served by restricting public access to the information. The Party that initially filed the materials need not file any such Motion to Seal or otherwise defend another party's desire that the materials remain sealed. The Court will grant the Motion to Seal only after providing adequate notice to the public and opportunity for interested parties to object, after carefully weighing the interests advanced by the movant and those

interests favoring public access to judicial documents and records, and upon finding that the interests advanced by the movant override any common law or constitutional right of public access which may attach to the information. Documents submitted under seal in accordance with this paragraph will remain under seal pending the Court's ruling. If the party desiring that the information be maintained under seal does not timely file a Motion to Seal, then the materials will be deemed unsealed, without need for order of the Court.

13. In the event that any Party disagrees with any designation made under this Order, the parties shall first try in good faith to resolve the disagreement informally. If the dispute cannot be resolved, the Party objecting to the designation may seek appropriate relief from this Court. During the pendency of any challenge to the designation of a document or information, the designated document or information shall continue to be treated as "Confidential" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" subject to the provisions of this Order. The Court shall have authority to award the prevailingparty reasonable expenses incurred, including attorney's fees, pursuant to Rules 26(c)(3) and 37(a)(5) of the Federal Rules of Civil Procedure. Frivolous designations or challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose a Party to sanctions.

14. The producing Party's inadvertent production of any documents, transcripts, or other materials without confidential treatment shall not be deemed a waiver of the producing Party's claim of confidentiality as to that material. If the producing Party

wishes to afford confidentiality treatment to any material after production, the producing Party shall notify the receiving party that the material is designated as "Confidential." If the receiving Party disagrees with the designation, the receiving Party may follow the dispute resolution procedures in paragraph 10 above.

15. This Order shall govern pretrial proceedings only, and nothing set forth herein prohibits the use at trial of any confidential information or affects the admissibility of any evidence. The procedures to govern the use and disclosure of confidential information at trial shall be subject to a further order of the Court.

16. Nothing herein shall be construed as limiting a Party's use of its own confidential information and such use shall not constitute a waiver of the terms of this Order or the status of such information as confidential information. Any of the Parties can remove their "Confidential" designation from any information it has previously so designated.

17. The Parties cannot use or disclose any confidential information in any pretrial court proceeding that is open to persons not authorized to have access to such confidential information under the terms of this Order. This provision does not limit the right of any of the Parties to file any confidential information under seal as described above or submit any Confidential Information in camera to the Court.

18. Third parties who are the subject of discovery requests, subpoenas or depositions in this case may take advantage of the provisions of this Protective Order by providing the Parties with written notice that they intend to comply with and be bound by

the terms of this Protective Order.

19. Within sixty (60) days after the final resolution of the Litigation, including any appellate proceeding, the Parties agree to return to opposing counsel, or destroy, the original and any copies of any confidential information produced.

20. The ultimate disposition of confidential information on the completion of litigation shall be subject to a final order of the Court.

SO ORDERED.

Dated: May 14, 2018

_____
Robert T. Numbers, II
United States Magistrate Judge

**AGREED:**

/s/ Asa C. Edwards (with consent)
Edward H. Maginnis (NC 39317)
Asa C. Edwards IV (NC 46000)
Karl S. Gwaltney (NC 45118)
MAGINNIS LAW PLLC
4801 Glenwood Ave. Suite 310
Raleigh, NC 27612
Telephone: (919) 526-0450
Facsimile: (919) 886-8763
emaginnis@maginnislaw.com
aedwards@maginnislaw.com
kgwaltney@maginnislaw.com
*Counsel for Plaintiff*

/s/ Robert deRossett (with consent)
Robert de Rossett
YOUNG MOORE & HENDERSON, P.A.
PO Box 31627
Raleigh, NC 27622
Telephone: (919) 782-6860
Facsimile: (919) 782-6753
rcd@youngmoorelaw.com
　　-AND-
Paul L. Myers
Quilling, Selander, Lownds, Winslett & Moser, P.C.
7800 N. Dallas Parkway
Plano, TX 75034
Telephone: (214) 871-2100
Facsimile: (214) 871-2111
pmyers@qslwm.com
*Counsel for Trans Union*

/s/ Bradley J. Lingo
Bradley J. Lingo
Chelsea J. Corey
Theodore Roethke
KING & SPALDING LLP
300 South Tryon St., Suite 1700
Charlotte, NC 28202
Telephone: (704)503-2573
Facsimile: (704) 503-2622
blingo@kslaw.com
ccorey@kslaw.com
troethke@kslaw.com
*Counsel for Equifax Information Services, LLC*

/s/ Ashley K. Brathwaite (with consent)
Ashley K. Brathwaite
ELLIS & WINTERS LLP
P.O. Box 33550
Raleigh, NC 27636
Telephone: (919) 865-7000
Facsimile: (919) 865-7010
Ashley.brathwaite@elliswinters.com
*Counsel for Defendant Experian Information Solutions, Inc.*

# EXHIBIT A

The undersigned has read and understands the terms of the Agreed Protective/Confidentiality Order effective in this case. The undersigned agrees to abide by the terms of the Agreed Protective/Confidentiality Order and not to use or divulge, under penalty of law, any documents, materials or other information covered by the Agreed Protective/Confidentiality Order, including Confidential Information, except as permitted by the terms of the Agreed Protective/Confidentiality Order.

Dated: _____     Signed: _____

                                                                Printed: _____

# CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of May, 2018, a copy of the foregoing pleading was filed electronically with the clerk of court via the Court's ECF system which will send notifications to ECF participants:

Edward Hallett Maginnis
Karl Stephen Gwaltney
Asa Covington Edwards, IV
Maginnis Law, PLLC
4801 Glenwood Avenue
Suite 310
Raleigh, NC 27612
Email: emaginnis@maginnislaw.com
Email: kgwaltney@maginnislaw.com
Email: aedwards@maginnislaw.com
*Attorneys for Plaintiff*

Ashley K. Brathwaite
Nora F. Sullivan
Ellis & Winters, LLP
P.O. Box 33550
Raleigh, NC 27636
Email: nora.warren@elliswinters.com
Email: Ashley.brathwaite@elliswinters.com
*Counsel for Experian Information Solutions, Inc.*

Robert deRossett
Kelly Street Brown
Young, Moore & Henderson, P.A.
P.O. Box 31627
3101 Glenwood Avenue
Suite 200
Raleigh, NC 27622
Email: kes@youngmoorelaw.com

Paul L. Myers
Quilling, Selander, Lownds, Winslett & Moser, P.C.
7800 N. Dallas Parkway
Plano, TX 75034
Email: pmyers@qslwm.com
*Counsel for Trans Union LLC*

/s/ Bradley Lingo
Bradley Lingo
North Carolina Bar No. 44018
*Attorney for Defendant*
*Equifax Information Services LLC*
KING & SPALDING LLP
100 North Tryon Street, Suite 3900
Charlotte, North Carolina 28202
Tel: (704) 503-2600
blingo@kslaw.com
Local Rule 83.1 Counsel